Weight, J.,
delivered the opinion of the court:
The defendant has demurred to the petition of the plaintiff, and the question for decision is whether the claimant can recover upon the facts stated.
The petition discloses that the petitioner was appointed by the Secretary of the Interior an examiner under the provisions of an act of Congress entitled “An act for the relief and civilization of the Chippewa Indians in Minnesota,” approved January 14,1889. (25 Stat. L., 642.) That act provides, generally, for the procurement of the cession and relinquishment of the Indians named of all their title and interest in and to all their reservations in the State of Minnesota, and section 4 directs that as soon as such cession has been obtained and approved the lands should be surveyed in the manner provided by law for the survey of public lands, and as soon as practi *453 cable after such survey has been made and approved, the Secretary of the Interior is authorized to appoint a sufficient nuiliber of competent and experienced examiners, in order that the work may be done in a reasonable time, who are directed to go upon such lands and personally make a careful, complete, and thorough examination of the same by 40-acre lots, for the purpose of ascertaining on which lots or tracts there is standing or growing pine timber, the minutes of such examination to be entered in books provided for that purpose, and reports thereof filed with the Commissioner of the General Land Office, as part of the permanent records thereof, from which lists valuations should be made and transmitted to the Secretary of the Interior for his approval or rejection; and, if the latter, new appraisals should be made, and the same or original lists as approved or modified should be filed in the General Land Office, as the appraisal of lands, and as constituting the minimum price for which such lands might be sold; and thereafter copies of such lists with appraisals should be furnished to any person desiring the same, upon application. The compensation for the examiners so authorized is directed to be fixed by the Secretary of the Interior, but in no event shall it exceed the sum of $6 per day for such persons employed, including all expenses.
January 15, 1894, by written order of the Secretary, petitioner was appointed as one of such examiners at a compensation of $6 per day, including all expenses, to take effect when he should file an oath of office and enter úpon duty. Petitioner accepted the appointment in the manner required January 22, 1894. In his petition claimant states that from March 2, 1894, to March 17, 1897, 1,112 days, he held the office of examiner, and his conclusion from that statement is that he is entitled to the sum of $6 for each of such days. March 17, 1897, his services were dispensed with by order of the Secretary, of which ho had no notice until April 2, 1897. During the period of the 1,112 days mentioned, there were three periods during which, by direction of the Secretary of the Interior, the active work of the examiners was suspended, amounting to 406 days in all, but upon these occasions claimant was paid for time between the dates of the order of suspension and actual notice thereof to him. Petitioner says in *454 bis petition wlien not engaged in work be was required to and did hold himself in constant readiness to resume work; he was unable to engage in other permanent employment in conseque.nce of holding the office of examiner, and that he and other examiners were prohibited from attending public, sales of timber on the lands, and from furnishing lists or other information to prospective buyers, which petitioner might have done with great profit to himself had he been allowed to do so. Although entitled to $6,672, he has received but $4,392, leaving a balance still due of $2,280, which the, defendant retains on the claim that ho is entitled to pay only for the days of actual employment.
By the terms of the statute we have recited the Secretary of the Interior is authorized to fix the compensation of the examiners to be appointed b}" him, but by the same statute such amount is limited so as not to exceed $6 per day for each person employed, including all expenses. In the appointment of petitioner as one of such examiners, the compensation Avas fixed at the full limit allowed by Jaw. The Secretary had no authority to do more than the act of Congress authorized him to do, and that act fixed a per diem compensation with a limit upon that, and this authority Avas exhausted. No authority existed to pay more than $6 per dajr for the time actually engaged. The time in Avhich the work Avas to be done was left in the discretion of the Secretary, under the general description of a reasonable time, and this necessarily was to bo decided upon the judgment of that officer. In the exercise of such judgment he decided to suspend Avork at certain periods of time, and Avdiile the reasons for such action do not appear, we must presume that officer was controlled hj,' reasons affecting the good of the service in which he was then engaged in pursuance of the poAver conferred by Congress. By accepting the appointment, as he did, petitioner assumed all the burdens legally incident to the discharge of its duties, and avo hold that the time in which the Avork Avas to be done, subject to the discretion of the Secretary, Avas one of these incidents.
It is argued that because it has been stated in the petition that petitioner was required to and did hold himself in constant readiness to resume Avork, and Avas ‘thereby prevented *455 from engagement in other employment, this was equivalent to being in unbroken service. The statement of the petition, however, in this regard, is mere conclusion, no facts having been averred of orders of the Secretary and their nature or contents from which such inference could be justified. Neither would the fact that the examiners were prohibited from attending public sales or furnishing lists or other information to prospective buyers afford a sufficient reason from which to infer they were in the service entitled to pay. The supplying: of lists and prices was the exclusive right of the land office, from the official records, and all persons, both private and public, might well, under the provisions of the law, have been kept from meddling with the business of the Government without first being authorized for that purpose, and it is not shown that any public sales were ordered or held of any of the lands in question. While it is true, as argued, the demurrer admits the facts of the petition, still it does not admit mere conclusions, and the facts stated do not warrant the conclusion the petitioner claims for them.
It follows, from the views we have expressed, that the petition is in law insufficient to enable the plaintiff to recover, and the demurrer will therefore be sustained and the petition dismissed.